[S. F. No. 4387. Department Two.—November 13, 1907.]

## GEORGE S. CRIM, et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

MUNICIPAL CORPORATIONS—SAN FRANCISCO—CLAIM FOR DAMAGES ACCRUING BEFORE CHARTER—PRESENTATION OF DEMAND.—One having a claim for damages against the city and county of San Francisco not barred by the statute of limitations and which accrued before its charter went into effect could not be deprived of such claim by a provision of that charter requiring a demand for damages to be made within six months of the time of the occurrence of the alleged damages.

ID.—CLAIM ACCRUING AFTER CHARTER—PRESENTATION OF DEMAND NECESSARY.—Under section 8 of chapter 2 of article II of the charter of the city and county of San Francisco a claim for damages to plaintiff's land caused by its being washed away as the result of a defective sewerage system maintained by the city and county on adjacent land belonging to it, which accrued after the charter went

into effect, must be presented to the board of supervisors for payment within six months after the occurrence of the damages as a condition precedent to an action on such claim.

ID.—STATUTE OF LIMITATIONS — TRESPASS UPON REAL PROPERTY. — A cause of action for damages so occurring is not for a "trespass upon real property" within the meaning of subdivision 2 of section 338 of the Code of Civil Procedure, providing that "an action for trespass upon real property" shall be brought within three years.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, for Appellants.

Percy V. Long, City Attorney, and Luther Elkins, Assistant City Attorney, for Respondent.

McFARLAND, J.—Defendant interposed a general demurrer to the complaint. The demurrer was sustained and plaintiffs declining to amend, judgment was entered for defendant. From this judgment the plaintiffs appeal. In its demurrer the defendant also pleaded the two year statute of limitations—section 339, Code of Civil Procedure.

It is averred in the complaint that during the times therein mentioned plaintiffs were the owners of certain land situated in the city and county of San Francisco and partly bounded by a street called J Street; that from about the month of January, 1897, until about the month of January, 1902, the defendant was the owner of certain land in the vicinity of plaintiffs' said land and known as the Almshouse Tract; that during said period defendant maintained a sewer over and across the Almshouse Tract of land, but did not connect the same with any main sewer having a proper outlet until a short time before the commencement of the action; that for want of a proper outlet the sewer conducted and conveyed all the sewerage and drainage of said Almshouse Tract and from all the buildings thereon, "to and at a point immediately north of said J Street between Tenth and Eleventh avenues in said city and county; and that from about the month of January, A. D. 1897, until about the month of January, A. D. 1902, the

discharge from said sewer was continuously washing and carrying away the soil from the said point of discharge of said sewer through a gully or bed which it made for itself westerly along said J Street and through and upon the said properties of said plaintiffs fronting thereon and hereinbefore described; that the said discharge from said sewer has washed and carried away large quantities of the soil from the said properties of said plaintiffs hereinbefore described and from said J Street where it passes in front of, and between the same, and has rendered said J Street impassable in front of and between the said properties; and that in consequence of the destruction of said street at that point so caused by the said sewer and by the aforesaid devastation and washing and carrying away of said plaintiffs' said lands thereby caused as aforesaid, said plaintiffs have been damaged in the sum of three thousand dollars ($3,000.00) in United States gold coin.''

Defendant makes several points in support of the ruling sustaining the demurrer and of the judgment; but it is necessary to notice only one of said points, namely, that plaintiffs do not allege that the claim for damages alleged therein was presented to the board of supervisors for payment previous to suit brought as required by section 8 of chapter 2 of article II of the charter of said city. (See *Farmers' and Merchants' Bank* v. *City of Los Angeles*, 151 Cal. 655, [91 Pac. 795].) Said section 8 of the charter provides as follows: ''All claims for damages against the city and county must be presented to the board of supervisors and filed with the clerk within six months after the occurrence for which damages are claimed to have arisen; otherwise there shall be no recovery on any such claim.'' The plaintiffs say that the charter did not go into effect until January 8, 1900, and therefore could not apply to that portion of the damages claimed by plaintiffs which are alleged to have occurred before the charter went into effect. It is true that if plaintiffs have any claim for damages not barred by the statute of limitations which accrued before the charter went into effect, they could not be deprived of such claim because the charter afterwards provided that a demand must be made within six months of the time of the occurrence of the alleged damages. Whether it was not the duty of the appellants to have presented their claims after the charter went into effect, need not be considered; because all of their claims.

occurring prior to the time when the charter went into effect were barred by the statute of limitations, and as to the damages alleged to have occurred after that date the presentment to the board should have been made. Plaintiffs contend that the two years' statute of limitations does not apply, but that the question of the limitation of this action is governed by subdivision 2 of section 338 of the Code of Civil Procedure, which provides that "an action for trespass upon real property" shall be brought within three years. It is clear, however, that the wrongful acts alleged against defendant in the case at bar do not constitute trespass upon real property. That was definitely settled by this court in *Hicks* v. *Drew*, 117 Cal. 305, [49 Pac. 189], which raised the same question as is presented here, and in which the court said: "If the damage does not come directly from the act, but is simply an after result from the act, it is essentially consequential and no trespass." For the wrongful acts alleged in the case at bar the remedy at common law would have been "an action on the case," and although the old forms of actions are abolished, the facts which constitute "trespass on real property" still govern. (It may be noticed that even if the three years' limitation applied the ultimate result would be the same; for this action was not commenced until the thirteenth day of January, 1903, which was three years after the charter went into effect.)

The judgment appealed from is affirmed.

Lorigan, J., and Henshaw, J. concurred.