[No. 8485. Department Two. February 4, 1910.]

ELIZABETH HASE, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE—OPINIONS. In an action for personal injuries sustained upon a defective sidewalk, after a witness for plaintiff has been asked upon cross-examination whether a person exercising ordinary care could have observed the defect, it is not prejudicial error to allow plaintiff's counsel to ask whether the plaintiff was walking in the ordinary manner, if the answer did not express any opinion as to plaintiff's contributory negligence.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $4.500 for a fall upon a defective sidewalk, resulting in the breaking of a forearm just above the wrist, is excessive, and should be re-

[1]Reported in 107 Pac. 515.

duced to $2,500, where it appears that the plaintiff, a woman of 54 years of age, had not been engaged in heavy work, that the fracture was set with good results, although not allowing as full movement as before, and while the wrist was weak it was getting stronger, and no other serious injury was shown.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 15, 1909, upon the verdict of a jury rendered in favor of the plaintiff, for $4,500 for personal injuries. Reversed, and a new trial ordered unless $2,000 is remitted.

*Scott Calhoun* and *James E. Bradford*, for appellant.

*Shorett, McLaren & Shorett*, for respondent.

CROW, J.—Action by Elizabeth Hase against the city of Seattle to recover damages for injuries sustained by falling through a defective sidewalk. From a judgment in her favor, the defendant has appealed.

One Stella Schurtleff, who was with respondent at the time of the accident about 9:30 p. m. on March 23, 1907, was called as a witness in her behalf. On her cross-examination, counsel for appellant, in asking how far she and respondent could see when walking, proceeded as follows:

"Q. You could see ten or twelve feet at least? A. I suppose I could. Q. If a person had been exercising ordinary care in going along there in the night, and looking down, you would have had no difficulty in seeing the missing plank, would you? Mr. Shorett (counsel for respondent): I object to that as an improper question. The Court: She may answer. A. I don't know about that. We were walking right along talking. Q. Well, you think you could see ten or thirteen feet. You would have had no difficulty in seeing a hole in the sidewalk if you had looked down, would you? A. Well, I suppose if we had been looking right down."

On re-direct examination the following occurred:

"By Mr. Shorett: Q. Were you and Mrs. Hase negligent in coming down that hill? Mr. Bradford (counsel for appellant): I object to that as incompetent, irrelevant and

immaterial. That is a question of fact to be passed upon by the jury and not by the witness. The Court: I think the objection is well taken. Q. At the time you were going down that walk, were you going down there in the ordinary manner? Mr Bradford: That is objected to as leading and argumentative, and asking the same question indirectly. The Court: That is somewhat leading, but she may answer. A. Yes. Mr. Bradford: I now move to strike the answer from the record, for the reason that it is incompetent, irrelevant and immaterial. The question was in the most leading and suggestive form that could be imagined and is asking the witness to pass upon the fact which is the exclusive province of the jury to pass upon. The Court: Motion denied. Mr. Bradford: Exception."

Appellant's counsel now contends that the trial judge erred in overruling his objection and his motion to strike; that the issue of contributory negligence was for the jury, and that the witness was permitted to express her opinion as to whether respondent was negligent, thus invading the province of the jury. It is manifest that no prejudicial error was committed. Appellant's counsel, over respondent's objection, had been permitted to ask the witness whether a person *exercising ordinary care* could observe the absence of the missing plank, and although respondent's attorney afterwards asked her whether respondent did exercise ordinary care, it does not follow that appellant was thereby prejudiced or that she expressed any opinion as to contributory negligence on the part of the respondent.

Appellant next contends that its motion for a nonsuit should have been granted, insisting that the respondent was guilty of contributory negligence as a matter of law and not entitled to recover. We have examined all the evidence, and find it amply sufficient to convince us that the issue of contributory negligence was a question for the jury.

Appellant further insists that the judgment is excessive. This contention must be sustained. While the respondent claims some other injuries, causing pain and nervousness,

it is apparent that her most serious injury was a fracture of one of the bones of her left forearm just above the wrist. The jury awarded her $4,500, and judgment was entered for that amount. The arm was properly set. She was disabled for some time, but the union of the bone produced what the surgeons call a good result. The respondent herself testified as follows:

"Q. Mrs. Hase, you have no difficulty, have you, in moving your fingers? A. I can move them, yes. Q. You have pretty fair use of your wrist, haven't you, for light work? A. Well, yes, it is pretty light though. Q. You say it is hard for you to do heavy washing? A. I have never done any heavy washing. I have done laundry work but it was not heavy laundry work. Q. That is the work you were engaged in before you were injured? A. Yes. Q. You have reasonably fair use of the injured wrist, haven't you, in all directions, at the present time? A. I can move it around, yes, sir. Q. Now under the professional care and skill and treatment of the doctors, your wrist of course will grow progressively better? A. Well, it got better. Q. That is true, is it not? A. Yes, sir, it is better."

The physician who set the arm and attended her afterwards, on re-direct examination, testified as follows:

"Q. What is the condition of that wrist at the present time? A. Well, she has very good function in it. Very good condition. It is a little weak and while she has not all the movement that she had in the other wrist still it is as well as can be expected."

Evidence of other physicians was practically the same. It appeared that certain tendons of the wrist had adhered to the bone, causing respondent to partially lose the use of two fingers. It also appeared by her own statements the she suffers from pains in her back and is constantly nervous. She was fifty-four years of age at the time of the accident. No other proof of injuries was made, and no witnesses were called by the appellant. Although damages in actions for personal injuries are to be determined by juries, there must be some reasonable limit to the awards they are permitted

to make.   Such damages are to be allowed for compensation only, and not as a punishment or confiscation.   The verdict is excessive.   It extends beyond the limits of just compensation for the injuries sustained.   It is ordered that, if within thirty days after the filing of the remittitur, the respondent shall elect to remit $2,000 from the damages awarded, the judgment as thus reduced be affirmed, and that otherwise a new trial be granted.   The appellant will recover its costs in this court.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.