(June 22, 1915.)

ANNA BEATON and JOHN BEATON, Her Husband, Respondents, v. CITY OF ST. MARIES, a Municipal Corporation, Appellant.

[151 Pac. 996.]

PERSONAL INJURIES—MEASURE OF DAMAGE.

　　1. The right to recover damages for personal injuries sustained by a fall caused by a defective sidewalk is based upon the principle that the person injured should receive full compensation for the loss sustained with the least possible burden to the party responsible for the injury.

　　2. Although the amount of recovery is largely within the discretion of the jury, the verdict must be based upon the evidence, and when it is apparent therefrom that the recovery is in excess of the actual loss sustained, the judgment must be modified or vacated.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. William W. Woods, Presiding Judge.

Action for damages for personal injuries.  Judgment for plaintiffs.  *Reversed conditionally.*

Taylor & Hull and McFarland & McFarland, for Appellant.

The damages awarded by the jury in this case are excessive, as respondent did not suffer any permanent or even serious injuries, and her age would preclude the recovery of any such sum of money awarded by the verdict.  (*Muskogee Electric Traction Co. v. Mueller,* 39 Okl. 63, 134 Pac. 51; *Hase v. City of Seattle,* 57 Wash. 230, 107 Pac. 515; *Heath v. Seattle Taxicab Co.,* 73 Wash. 177, 131 Pac. 843; *McCabe v. City of Butte,* 46 Mont. 65, 125 Pac. 133; *Chicago W. D. Ry. Co. v. Hughes,* 87 Ill. 94; *Louisville & N. R. Co. v. Survant,* 96 Ky. 197, 27 S. W. 999.)

John P. Gray, Frank McCarthy and W. D. Keeton, for Respondents.

The damages awarded were not excessive.  (*Hinton v. Cream City R. Co.,* 65 Wis. 323, 27 N. W. 147; *Texas P. Ry. Co. v. Davidson,* 68 Tex. 370, 4 S. W. 636; *Johnson v. St. Paul City Ry. Co.,* 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586; *Keim v. Gilmore & Pittsburg R. R. Co.,* 23 Ida. 511, 131 Pac. 656.)

MORGAN, J.—This is an action prosecuted by respondents, Anna Beaton and John Beaton, her husband, for damages for personal injuries sustained by her by a fall, due to a defective sidewalk within the corporate limits of the city of St. Maries, appellant herein.  The trial resulted in a judgment in favor of respondents for $5,100, from which and from an order overruling a motion for a new trial this appeal has been taken.

Appellant has assigned as error the action of the trial judge in overruling certain objections to questions propounded to witnesses at the trial and in sustaining others; in admitting certain documentary evidence and in refusing to admit as evidence a proffered affidavit; in denying appellant's application for a new trial; also that the evidence is insufficient to

justify the verdict, and that excessive damages appear to have been allowed under the influence of passion or prejudice.

Our examination of the record convinces us that the trial judge committed no error in his rulings as to the admissibility of the proof offered, and, since said rulings are based upon well-established principles of law, we will not indulge in a discussion of the assignments of error predicated upon them.

We are convinced that the judgment in this case is excessive. It appears that on the evening of December 24, 1913, the respondent, Anna Beaton, while on her way from her home in St. Maries to the business section of the city, accompanied by her daughter, Mrs. Scott, and when at a point on Center street about six blocks from her home and about ten blocks from the business section, stepped into a hole or depression in the sidewalk caused by two boards being broken, and fell; that no bones were broken but that her left shoulder was severely bruised; that she continued her trip to the business section of the city and, according to her testimony, her shoulder felt numb, and while she was in the business district she was taken sick and felt faint, but that with the assistance of her daughter she walked home and that she was confined to her bed over a month and to the house for about three months. She testified that she called a physician on the second day after the accident, she thought, but the physician testified, refreshing his memory from his book, that he was first called on January 4th, which was the eleventh day after the accident.

According to Mrs. Beaton's testimony, she had not fully recovered the use of her left arm at the time of the trial, which took place nearly a year after the injury was sustained. In this she was corroborated by certain witnesses, including her physician, who testified that, in his opinion, she will never fully recover. She was contradicted by other witnesses who testified to having seen her attending to her ordinary household duties, including laundry work, at which she used both hands, and that she was apparently sound and well since shortly after the accident, including a part of the time she testified to having been confined to the house. Two physi-

cians who examined her during the trial testified they found no evidence, from observation and measurements made, of the injury complained of.

There is evidence tending to show that both Mrs. Beaton and Mrs. Scott made statements contradictory to their testimony as to how and where the accident occurred, and the evidence is very conflicting as to the severity of the injury. The rule is well established that where there is a substantial conflict in the evidence the verdict will not be disturbed upon appeal because of insufficiency of proof, and in this case these conflicts will be deemed by the court to have been resolved by the jury, and properly so, in favor of the respondents.

On direct examination Mrs. Beaton testified that she was 69 years old, and on cross-examination and redirect examination she stated her age to be 59 years. She testified that before her injury she always had good health and was strong; that she did "housework and ranch work and all kinds of work." Giving her testimony as to the condition of her health since her injury the most favorable interpretation possible with a view to sustaining the judgment in its entirety, it appears that she is not completely disabled; that she is able to attend to her housework although the performance of her household duties is attended with inconvenience.

It appears from certain mortality tables offered in evidence that if Mrs. Beaton was 59 years old at the time of the trial, her expectancy of life was about 15.39 years from the date of her injury. While it is apparent that a woman of Mrs. Beaton's age would not retain her earning capacity, at the kind of work she was able to do prior to the accident, during the entire period of the expectancy of her life, it is also apparent that the jury in this case allowed her, although she is by no means completely disabled, considerably more than she could have expected to earn during that period had she never been injured.

The right to recover damages in cases of this kind is based upon the principle that the person injured should receive full compensation for the loss sustained with the least possible burden to the party responsible for the injury. The amount of judgment awarded should be fair compensation

for everything of which the injured party has been deprived as a direct and proximate consequence of the wrongful act or omission of the other, and no more, and although the amount of the recovery is largely within the discretion of the jury, the verdict must be based upon the evidence, and when it is apparent therefrom that the recovery is in excess of the actual loss sustained, the judgment must be modified or vacated. (13 Cyc. 136; *Johnson v. St. Paul City Ry. Co.,* 67 Minn. 260, 69 N. W. 900, 36 L. R. A. 586; *Hase v. City of Seattle,* 57 Wash. 230, 107 Pac. 515.)

In the case last above cited the court said:

"Although damages in actions for personal injuries are to be determined by juries, there must be some reasonable limit to the awards they are permitted to make. Such damages are to be allowed for compensation only, and not as punishment or confiscation. The verdict is excessive. It extends beyond the limits of just compensation for the injuries sustained."

It appears that because of the accident respondents have been put to an expense of $185 for the services of a physician; allowing for that as well as for pain suffered from the injury and as compensation for damage to her health and for loss of earning capacity, we believe the judgment should be not to exceed $1,800, together with plaintiffs' costs incurred in the district court.

The cause is remanded, with direction to the district court to grant a new trial unless within thirty days after the filing of the *remittitur* the respondents shall file in said court their written consent that the judgment be reduced to $1,800, together with plaintiffs' costs incurred in the district court. If such consent is given, the judgment will be modified accordingly as of the date of its original entry, and, together with the order denying the motion for a new trial, will stand affirmed.

Costs upon appeal are awarded to the appellant.

Sullivan, C. J., and Budge, J., concur.

Petition for rehearing denied.