[Civ. No. 4301. First Appellate District, Division Two.—October 17, 1922.]

## OREGON E. MORRIS, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

[1] MUNICIPAL CORPORATIONS—CONSTRUCTION OF TUNNEL—DAMAGE TO HOTEL BUSINESS — LIABILITY. — A municipal corporation is not liable to an individual for damage caused to the hotel business of the latter by the construction by it under contract of a street tunnel.

[2] ID.—FAILURE TO PRESENT CLAIM—BAR.—Failure to present a claim or demand to the board of supervisors of the city and county of San Francisco, as required by the provisions of article II, chapter 2, section 8, of the charter of that city, is a bar to an action thereon.

[3] ID.—ACCEPTANCE OF AWARD—FAILURE TO APPEAL—WAIVER.—The ordinance under which the tunnel work was done having provided a remedy by appeal to the board of supervisors where the property owner was not satisfied with the award of damages by the board of public works, the acceptance by plaintiff, the owner of a hotel leasehold, of the amount of damages awarded by the board of public works for injury to plaintiff's interest in the property, without taking such appeal, foreclosed her right to recover by action for alleged damage to her interest in said leasehold.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Charles S. Peery, Assistant City Attorney, for Appellant.

Wm. M. Abbott, Wm. M. Cannon, K. W. Cannon and Enid Childs for Respondent.

NOURSE, J.—Plaintiff sued the city and county of San Francisco for damages to her business as a hotel-keeper caused by the construction by the city under contract of a public improvement known as the Stockton Street tunnel. The suit was based upon a claim filed with the board of

supervisors as required by the charter. The items of damage specified in the claim were:

| | |
|---|---|
| Value of business lost and destroyed | $35,000.00 |
| Loss and injury to credit | 5,000.00 |
| Loss on account of expense of conducting business from May 1, 1913, to December 31, 1913 | 5,802.82 |
| Loss of profits during same period | 4,500.00 |
| Loss of value of time and services during same period | 2,500.00 |
| | $52,802.82 |

The complaint alleged that the $35,000 item accrued from the total loss and destruction of plaintiff's business of conducting the hotel; that the $5,000 item accrued from the loss of credit with her bank and with merchants with whom she had been dealing; ''that immediately upon the commencement of said work [construction of the tunnel], and by reason thereof, the plaintiff's said hotel business commenced to decrease, . . . and said hotel was by the plaintiff conducted and operated in order to preserve her said business and for the purpose of preventing the same from becoming lost to her, at a continued money loss from the time of the commencement of said work up to and including the thirty-first day of December, 1913.'' The expense of the conduct of her business over the gross income for that period was alleged to be $5,802.82. The loss of profits during the same period was alleged to be $4,500; and the reasonable value of her services in conducting the hotel during the same time was alleged to be $2,500.

In addition to the items specified in the claim, damages to the amount of $1,795.58 were alleged to have been suffered because the plaintiff laid out that sum in repairs and replacements of the furniture, carpets, and linens used in the hotel. The plaintiff did not pray recovery of this sum and for that reason and because it was not included in the claim presented to the supervisors no further consideration need be given to the allegation.

The action is not based upon any claim of negligence on the part of the city or its contractor, the plaintiff's theory being that the city ''acting by and through its officers, agents, contractors, and employees thereunto duly authorized and empowered'' constructed the tunnel and approaches

thereto for street purposes and for purposes of public travel, and that, during the course of construction, ingress to and egress from the hotel was interrupted by the maintenance of excavations, barriers, trestlework, and temporary buildings, and the view from the hotel was obstructed, while the noise arising from the prosecution of the work both in the day-time and in the night-time disturbed her patrons and caused many of them to leave. Parenthetically it should be said that the allegations of the complaint are confined to acts occurring between May 1, 1913, and December 31, 1913, when plaintiff voluntarily abandoned her lease, and no claim is made that any damage would accrue to plaintiff's property or business after the work of construction was completed. In other words, the whole claim is based upon a temporary discomfiture arising during the progress of a public improvement, and whether the improvement would be a permanent benefit or injury is not alleged.

The defendant answered denying the material allegations of the complaint and set up a separate defense alleging that the proceedings for the construction of the tunnel were had under an ordinance of the city and county providing for the prosecution of the work under contract and the levy of an assessment upon the private properties benefited, such assessment to cover *the entire cost of the project.* Section 4 of this ordinance provided that "any owner of property or *persons interested* therein claiming that *such property* would sustain damages if the proposed tunnel construction is completed, may file with the board of public works . . . a petition showing the fact of such ownership, *or interest therein,* . . . and the estimated amount of damages which the property would sustain by the proposed tunnel construction if completed." (Emphasis added.) Section 5 of the ordinance provided that after the claims for damages had been adjusted, the board of public works should estimate the total amount of damages, together with the costs of construction of the tunnel, and assess the private property within the district a sufficient amount to pay the whole. It was alleged in the answer that pursuant to the terms of this ordinance the plaintiff presented her claim to the board of public works setting out her interest in the property described in her complaint and the damage such interest would sustain by the construction of the tunnel; that said claim

was duly approved by the board, and that the city had paid the plaintiff before the commencement of the action the full amount of the claim—$6,166.

The trial proceeded upon the issues so framed. Plaintiff's case consisted of evidence of the value of her business, its profits and losses and the value of her own time. It was shown that her lease to the premises had but a year to run from the commencement of the construction of the tunnel—May 1, 1913, to May 1, 1914—and, over the objection of defendant, testimony was admitted to the effect that she had a verbal promise of renewal. The defendant moved for a nonsuit upon the ground, among others, that damages were not recoverable for the loss to plaintiff's business, but that the only damages recoverable on account of the construction of the public improvement were those caused to the leasehold, which had already been paid. The trial court denied the motion and permitted plaintiff to file an amendment to her complaint alleging that by reason of the acts of defendant her "leasehold interest and hotel business" was of the value of $35,000 on April 26, 1913. In support of the amendment additional testimony was taken over defendant's objection and a general verdict for $5,000 was returned by the jury. From the judgment upon the verdict the defendant prosecutes this appeal.

[1] Appellant points to a fact that cannot be successfully denied—that respondent's case was one for damages to her business and not one for damages to her leasehold interest. In this connection reference is made to the allegations of the complaint that no action or proceeding of any kind had been commenced against plaintiff for the purpose of assessing or ascertaining the compensation to be made for the damage to her business or property, as alleged in the complaint, and that "neither the defendant nor anyone else has ever made or paid to the plaintiff . . . just or any compensation for the damages *to her said business or property hereinabove alleged.*" (Emphasis added.) There can be no doubt that such was the theory upon which respondent went to trial—that her business as proprietor of the hotel was damaged by the construction of the tunnel without compensation to her. The case was framed on the guaranty of section 14 of article I of the constitution, providing that "private property shall not be taken or damaged

for public use without just compensation having first been made to, or paid into court for, the owner." But in *Oakland* v. *Pacific Coast Lumber etc. Co.,* 171 Cal. 392 [153 Pac. 705], the supreme court held that damage to that form of property known as business or the goodwill of a business is *damnum absque injuria,* "and does not form an element of the compensating damages to be awarded." Respondent had, therefore, no right of recovery except for the injury to her leasehold interest. It was for this reason that the amendments were made to the complaint after the motion for a nonsuit was denied, and that evidence was taken to show injury to the leasehold interest.

[2] But to this appellant answered that no claim had been presented to the supervisors covering damages to the leasehold interest and that full payment of all damages suffered had been made. The necessity for the presentation of a demand to the board of supervisors, as required by the San Francisco charter, has been determined by unquestioned authority. (San Francisco Charter, art. II, c. 2, sec. 8; *Crim* v. *San Francisco,* 152 Cal. 279, 281 [92 Pac. 640]; *Bancroft* v. *San Diego,* 120 Cal. 432, 438 [52 Pac. 712]; *Bigelow* v. *Los Angeles,* 141 Cal. 503, 507 [75 Pac. 111]; *Spencer* v. *Los Angeles,* 180 Cal. 103, 119 [179 Pac. 163]; *Metropolitan Life Ins. Co.* v. *Rolph,* 184 Cal. 557, 560 [194 Pac. 1005].) That the demand which was presented to the board and upon which the suit was predicated did not include a claim for damage to the leasehold appears from the demand itself and from the allegations of the complaint. This demand being one for damages to the business, the supervisors were not required to allow it, and the failure to present a proper demand for damages to the leasehold is a bar to the action upon that item. (Cases cited above.)

[3] In addition to this it appeared without conflict that respondent had been paid $6,166 after an award by the board of public works in response to a claim which she had presented to that board for damages to her interest in the property. This claim was presented in accordance with the terms of the tunnel ordinance adopted by the board of supervisors. The only damages which the board of public works could allow under the ordinance were those contemplated by the constitution and the statutes for injury to private property taken or damaged for public use. Under

the rule of *Oakland* v. *Pacific Coast Lumber etc. Co.*, 171 Cal. 392 [153 Pac. 705], damages to the business of respondent could not be considered. The ordinance itself called for claims from "any owner of property or persons interested therein." The interest of, respondent was her leasehold. For this she had been fully compensated before the action was commenced. If she was dissatisfied with the award made by the board of public works, the ordinance provided a remedy by appeal to the board of supervisors within twenty days after the first publication of the notice of the award. But she accepted payment from the city of the amount awarded and thus foreclosed her right of recovery in this action.

Judgment reversed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 14, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied.

We withhold our approval of that portion of the opinion which declares that no demand was presented to the board of supervisors for a claim for damages to the leasehold. In our opinion the claim so presented included damages to the leasehold as well as other damages. But the items of damage which it is claimed were damages to the leasehold were included in the claim for damages which was allowed by the board of public works and paid to the respondent.

Shaw, C. J., Lawlor, J., Shurtleff, J., Sloane, J., Lennon, J., Waste, J., and Wilbur, J., concurred.