[Civ. No. 6988. First Appellate District, Division Two.—March 14, 1930.]

DALMAR S. CLINTON, Respondent, v. CITY OF SANTA CRUZ (a Municipal Corporation), Appellant.

John H. Leonard and Carl E. Lindsay for Appellant.

Byrne & Lamson and Paul S. Jordan for Respondent.

STURTEVANT, J.—The plaintiff sued to recover damages as for deceit. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the defendant has appealed.

The defendant complains because the plaintiff did not allege nor prove that before commencing his action the plaintiff presented his claim to the governing board of the

defendant. (*Yolo County* v. *City of Sacramento,* 36 Cal. 193, 197.) The case is not in point. The city of Sacramento was, at that time, acting under a special statute. (Stats. 1863, p. 415.) In that act it was provided: "The inhabitants thereof are hereby made and constituted a body politic and corporate under the name and style of 'City of Sacramento,' by which name they shall be known in law . . . may sue and be sued . . . provided, further, that no action shall be commenced or maintained against the city until the claim, account, or demand upon which it is founded has been presented to, and, either in whole or in part, been rejected by the Board of Trustees. . . . " The charter of the defendant contains no such provision. (Stats. 1911, p. 1865, sec. 5.) Again, it cites and relies on *Bancroft* v. *City of San Diego,* 120 Cal. 432 [52 Pac. 712]. That case was brought to recover damages for injuries caused to the property of the plaintiff by the act of the defendant in changing the grade of the street on which plaintiff's property abutted. The charter of the city of San Diego contained a provision as follows: "All claims for damages against the city must be presented to the Common Council and filed with the Clerk within six months after the occurrence from which the damages arose." (Stats. 1889, p. 658, sec. 10.) A similar differentiation exists as to *Bigelow* v. *City of Los Angeles,* 141 Cal. 503 [75 Pac. 111], *Farmers etc. Bank* v. *City of Los Angeles,* 151 Cal. 655 [91 Pac. 795], *Crim* v. *City and County of San Francisco,* 152 Cal. 279 [92 Pac. 640], *Western Salt Co.* v. *City of San Diego,* 181 Cal. 696 [186 Pac. 345], and *Morris* v. *City and County of San Francisco,* 59 Cal. App. 364 [210 Pac. 824]. But this plaintiff cites no such provision as being contained in the charter of this defendant. Finally, the defendant cites and relies on sections 179, 180, 181 and 185 of its charter. No one of those sections uses the word damages nor any other language showing that in an action for damages it is a condition precedent that the plaintiff must first present his claim to the city council of Santa Cruz (*Adams* v. *City of Modesto,* 131 Cal. 501 [63 Pac. 1083]). We find no error in the record.

The judgment is affirmed.

Nourse, Acting P. J., and Burroughs, J., *pro tem.,* concurred.