James Laing *vs.* Alfred L. Barbour.

Middlesex. Jan. 19. — Feb. 29, 1876. Colt & Endicott, JJ., absent.

A woman died seised of personal estate and of real estate, part of which she had bought prior to the date of the will, and the rest had been bequeathed to her by her brother. Her will, after certain specific bequests, constituted A. her "residuary legatee," and proceeded as follows : " The property bequeathed me by my brother, and the property I have in expectation from my sister, and any other property that may come into my possession, I will, and ordain, and bequeath," one fourth to A., and three fourths to certain other persons. *Held,* that it was the intent of the testatrix to dispose of all her estate; and that A. took, under the term "residuary legatee," all the real estate not bequeathed to the testatrix by her brother.

CONTRACT for breach of an agreement to purchase a parcel of land in Newton. The answer admitted the agreement, but alleged that the plaintiff was not seised in fee of the land. The

case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows :

In May, 1862, Sarah H. Ward bought and became possessed of this land of the assignee in insolvency of the estate of her husband, Andrew H. Ward, and she held it until her decease October 6, 1873. She left a husband and several children. Her will, dated July 22, 1862, and duly admitted to probate, after certain specific bequests of personal property, proceeded as follows :

" I give to my son, Joseph W. Ward, all the remaining part of my furniture not previously disposed of, consisting of looking glasses, pictures, crockery, bedsteads, feather beds, bolsters, pillows, mattresses, blankets, comforters, bed-quilts, portable mahogany wash sinks and wash stands, tables, bureaus, sideboard, portable closets, wardrobe, fire grates and stoves, my own personal library, and everything belonging to me, of household furniture and stuff, not otherwise disposed of.

" I constitute and appoint Joseph W. Ward my residuary legatee.

" The property bequeathed me by my brother, Hon. David Henshaw, and the property I have in expectation from my sister, Mrs. Elizabeth Dodge, and any other property that may come into my possession, I will, and ordain, and bequeath, as follows, viz. that it may all be divided equally into four parts and shares, one fourth share or part to Joseph Walter Ward, and his heirs ; one fourth share or part to Andrew Henshaw Ward, Jun'r., and his heirs ; one fourth share or part to David Henshaw Ward and his heirs ; one fourth share or part to Frances Antoinette Danforth and her heirs."

The land in question was not included in the property bequeathed to her by her brother, David Henshaw, nor did she ever have any of it in expectation from her sister, Elizabeth Dodge. A part of the property bequeathed to the testatrix by her brother, David Henshaw, was real estate of which she was seised at the date of the will and of which she died seised.

The plaintiff's title comes through mesne conveyances from Joseph W. Ward named in the will, the son of Sarah H. Ward who derives his title solely from this will. If by the will Sarah

H. Ward's title to the land passed to Joseph W. Ward, judgment was to be entered for the plaintiff for the sum of fifty dollars; otherwise for the defendant.

*J. W. Hammond,.* for the plaintiff.

*C. G. Pope,* for the defendant.

DEVENS, J.   That it was the intention of the testatrix to dispose of both her real and personal estate, is sufficiently indicated by the clauses of the will which dispose of the property bequeathed to her by her brother and "any other property that may come" into her possession.   The word "property" includes real estate, and there was real estate upon which the first of these clauses could operate.   Nor would the use of the word "bequeathed," in describing the property which came to her from her brother, instead of the words "devised and bequeathed," show an intention to confine the operation of the will to personal property only, especially when used in connection with the subsequent clause.   *Doe* v. *Lainchbury,* 11 East, 290.   *Doe* v. *Morgan,* 6 B. & C. 512.   *Edwards* v. *Barnes,* 2 Bing. N. C. 252. *Hunt* v. *Hunt,* 4 Gray, 190, 193.

When, therefore, the testatrix, owning real estate other than that which came to her from her brother, constitutes Joseph W. Ward her "residuary legatee," it must be considered that by this term she intended that the residuum of her estate, both real and personal, should pass to him.   The words she used were sufficient for this purpose.   *Hunt* v. *Hunt, ubi supra.   Hardacre* v. *Nash,* 5 T. R. 716.   *Day* v. *Daveron,* 12 Sim. 200.   *Evans* v. *Crosbie,* 15 Sim. 600.   *Davenport* v. *Coltman,* 9 M. & W. 481.

Joseph W. Ward being entitled, under the will of his mother, to the real estate which the plaintiff agreed to sell, it follows that the plaintiff could make a good title to it by virtue of the conveyance to him.   He is, therefore, entitled to judgment.

*Judgment for the plaintiff.*