WILLIAM G. THOMPSON, MAYOR OF DETROIT, RELATOR V.
WILLIAM B. MORAN ET AL., PARK COMMISSIONERS.

*Quo warranto—Demurrer—Possession of land—Public franchises.*

An objection of form and not substance should be specially demurred to.

An information in the nature of a *quo warranto* is not demurrable for
stating that a municipality "was and *now is possessed*" of certain
premises and that respondents unlawfully hold and exercise the fran-
chises of taking possession of them for a public park. Possession for
restricted purposes would not exclude possession as an owner.

"Possessed" is a variable term in law; it may imply a temporary inter-
est in lands; or a corporal having; or merely property as owner, in
which sense it may be used even though an intruder has excluded
the owner for the time; it may also be used when the intruder's
possession is apparently subordinate to that of the general owner.

The right of a city to take possession of, and improve as a public park,
lands lying outside of its limits, comes only by sovereign grant, and
so far as concerns the city is a public franchise.

A city may hold and own lands for a public park, and cause them to be
improved, not in its public capacity as an agency of the government
and subject to State control, but as a corporate individual having
private rights which the people have a constitutional right to enjoy
undisturbed.

A right may be private as belonging to a municipality for the exclusive
benefit of its corporators, but public in that individual citizens can
have no property in it, and as being a franchise existing only by pub-
lic and sovereign grant.

INFORMATION in the nature of a *quo warranto*. Submitted
October 20. Decided November 10.

Attorney-General *Otto Kirchner* for relator, in support of
demurrer, cited Bouv. Inst. § 1690; *Bank of Augusta v.
Earle* 13 Pet. 519; *Cochran v. McCleary* 22 Ia. 75; *Com.
v. Arrison* 15 S. & R. 130; *People v. Geneva College* 5
Wend. 211; *People v. Ins. Co.* 15 Johns. 358; *Reynolds v.
Baldwin* 1 La. Ann. 162; *Rex v. Nicholson* 1 Strange 300.

*Maybury & Conely, John D. Conely* and *Ashley Pond*
for respondents.

COOLEY, J.   We have in this case an information in the nature of a *quo warranto* to inquire by what authority the respondents usurp certain franchises. · It is very brief, and gives the court to understand that on the eleventh day of June, 1880, the city of Detroit was and now is possessed of an island in the Detroit river, known as Belle Isle, which was and is held by said city under a purchase of the same by statutory authority, and that the respondents usurp and unlawfully hold, use and exercise the franchises of taking possession of said island for the purpose of improving the same as and for a public park without any legal warrant or authority whatsoever therefor.   To this information the defendants demur.

The grounds of demurrer are set out in the respondents' brief, and they appear to be the following: 1, That the information is contradictory in that it avers possession by the city, of Belle Isle, and also an unlawful possession in the defendants, for which reason no relief can be given; and 2, That the usurpation alleged is not of any franchise whatever, and therefore is not the subject of any such inquiry.

The first objection is one of form, not of substance, and ought rather to be the subject of special demurrer.   But we are of opinion that, even as a special demurrer, it would not hold good.   There is an apparent contradiction, perhaps, but no necessary and positive repugnancy.

The city of Detroit is said to have been *possessed* of Belle Isle, and the defendants to have usurped the franchise of *taking possession*, etc.   "Possessed" is a variable term in the law, and has different meanings as it is used in different circumstances.   It sometimes implies a temporary interest in lands; as we say a man is possessed, in contradistinction to being seized.   It sometimes implies the corporal having; as we say a man is seized and possessed.   But it sometimes implies no more than that one has a property in a thing; that he has it as owner; that it is his.   In this sense it may be used even though an intruder may have excluded the owner for the time being.   And there is never any impropriety in making use of the term when the only possession

the intruder has is apparently subordinate to that of the general owner.

In this case the city is said to be possessed and the respondents have assumed to take possession for the purpose of improving the same as and for a public park. A possession for this restricted purpose would not exclude the possession of the city as owner, but must be taken and deemed to be subordinate. At any rate, the general possession and the possession for the particular purpose may co-exist, and there is consequently no necessary contradiction in terms in the information.

The second objection is one of substance. If the taking possession of Belle Isle for the purpose of converting the same into a public park is not a franchise, it is manifest that this proceeding must fail.

It is said in behalf of the respondents that a city may hold and own lands for a public park as an individual may for a pleasure ground, and cause them to be beautified and improved as such; and that it would hold the same not in its public capacity as an agency of the government and subject to the unrestricted control of the State, but as a corporate individual, having private rights of its own, which it is at liberty to enjoy undisturbed by the State, and in the enjoyment of which the Constitution will protect its people. *People v. Hurlbut* 24 Mich. 44; *Park Com'rs v. Common Council of Detroit* 28 Mich. 230. And this is no doubt true. It is further said that a franchise is a royal privilege or branch of the king's prerogative, existing in the hands of a subject (2 Bl. Com. 37), or to speak more correctly for this country, a special privilege existing in an individual by grant of the sovereignty and not otherwise exercisable. And further that a park in this country, whatever it may have been in England, is not a franchise at all, and the making of one requires no sovereign grant whatever. This may also be true.

But it is not to be held or assumed because a municipal corporation is possessed of certain property or rights which the State does not control, that therefore the idea of a public

franchise in respect thereto cannot be predicated. A right may be private in respect that it belongs to the municipality for the exclusive benefit of its own corporators, and yet public in respect that there can be no property in it by individual citizens, and the right itself exists only by public and sovereign grant and as a franchise. Indeed, in respect to its water-works, sewers and public parks, a city would be without power to make them accomplish the purposes for which they are created, held and used, but for special franchises conferred upon it by the State for the purpose. The power to condemn lands, for example, is generally essential, but this is only given upon the ground that the end aimed at is public, though it is public only as concerns the particular city, borough, village, etc., to benefited. And then the public offices must be created for the purpose of establishing and caring for these municipal conveniences, and they would exist as franchises only.

But if we were to concede all that respondents claim in this regard the case would be still undetermined. This is not the ordinary case of a city park. Belle Isle is outside the city limits, and it is not pretended that the city could have purchased, improved and controlled the same as a public park except by virtue of special legislation. This legislation was obtained (Local Acts 1879, p. 215), and it not only empowered the city to purchase and create a debt therefor, but to erect a toll-bridge across to the island, and to extend its police authority over the territory. Here were very important franchises which the city could not pretend to claim except by this sovereign grant.

Now it is alleged in the information that the respondents usurp the franchise of taking possession and improving as a public park this island which the city has acquired for that purpose. The right of the city to take possession and improve lands thus lying outside the city limits as a public park, is beyond doubt a franchise. It must come by sovereign grant and not otherwise. If respondents usurp it they usurp a public franchise, public so far as concerns the city, which is all that is important here.

The demurrer must be overruled with leave to plead on payment of costs.

The other Justices concurred.