86  277|
153a 243|

JOHN H. WYMAN and Others,. as Executors, etc., of LIZZIE H. PERKINS, Deceased, Respondents, v. ELLEN C. WOODBURY, Appellant, Impleaded with Others.

*Will — position of the residuary clause — intention — precatory trust — uncertain or non-existent beneficiary.*

The position in a will of a residuary clause is immaterial, provided it was the intention of the testatrix by it to dispose of all her property not devised or bequeathed in other parts of the will.

When it is doubtful whether the testatrix intended to give the residuum of her estate to a particular person, all the clauses of the will may be considered as bearing upon the question of intent.

The will of a testatrix contained the following clause: "I appoint Ellen C. Woodbury my legatee and give to her all, not before specified in this, and request her to give as I may direct or sell from what remains."

*Held,* that the testatrix intended to give all of her property not disposed of by the other clauses of her will to Ellen C. Woodbury; that such language used by the testatrix was sufficient to devise and bequeath her residuary estate, and that the clause "and request her to give as I may direct or sell from what remains" did not create a precatory trust.

A legacy to the "poor of Bath" is void for uncertainty.

A legacy to "the American Hospital if erected in Paris" is void where no such institution was in existence at the time of the death of the testatrix.

APPEAL by the defendant, Ellen C. Woodbury, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of September, 1894, upon the decision of the court rendered after a trial at the New York Special Term construing the last will and testament of Lizzie H. Perkins, deceased.

This action was begun by the executors of the will of Lizzie H. Perkins to obtain a judicial construction thereof.

September 23, 1891, Lizzie H. Perkins, aged about sixty years, died at Paris, France, leaving her father, Thomas Harward, her sole heir and next of kin, who died November 30, 1891, aged one hundred and three years, eight months and fifteen days, leaving an estate of considerable value. He left no descendants, and left a last will, the executors of which are parties defendant herein. Mrs. Perkins left a holographic will and testament, executed January 6, 1890, at Paris, France, by which she made twelve pecuniary

legacies amounting to $38,000, eleven specific bequests and two specific devises.

Among other things the will provided as follows: "I give and bequeath to my executors, hereinafter named the sum of $3,000 in trust to invest during the lifetime of my father, and after his death I direct my executors with said $3,000 to purchase a suitable lot in the Bath burying ground in State of Maine, and to cause the remains of my mother and brothers to be removed from the tomb which I own in the city of Bath and to be placed in the ground in the said burying ground, and to cause the proper memorial stones to be erected.   *   *   *

"To the American Hospital, if erected in Paris, that strangers, women, may have a place to go, I give $4,000.   *   *   *

"I appoint Ellen C. Woodbury my legatee and give to her all not before specified in this and request her to give as I may direct or sell from what remains.

"I appoint John H. Wyman, L. P. Morton and John J. Richardson executors, and direct that after the payment of my debts and sums above named, that they shall sell bonds, stocks and other property, and give the money thus collected to hospitals and homes for women in Washington and New York."

September 22, 1892, the will was duly admitted to probate by the Surrogate's Court of the city and county of New York, and, October 3, 1892, letters testamentary were issued thereon to the plaintiffs, who were nominated in the will as executors. Among the papers left by the testatrix was the following, written in her own hand, and known in this litigation as

"EXHIBIT 5.

"Nell, sell what you can of my things and give the money to the poor.   Give of my paintings to Mrs. Dana something.   Give my clothing to Lizzie Pennell and my guitar.   To Martie Richardson the small set of silver with kettle, the large Sevres to be sold, money to be given to the poor.   Sell the contents of the two large boxes at Lincon, money to be given to the poor.   Give the McKever girls some of my paintings.

"I am too wild, Nell, with the thought of death, to do what I would.

" As I think of anything, I shall put it down. Try to do as I would wish.

" Give Mrs. Dana my Indian shawls, Florence Matthews the small silver kettle and little cups Tea pot. Burn every paper and family picture."

It is conceded that Ellen C. Woodbury is the person referred to in this paper as " Nell." The testatrix left a personal estate inventoried at $129,790.24, which consisted of :

| | |
|---|---|
| Cash............................................ | $2, 688 14 |
| Furniture and goods ................. ........ | 3, 478 10 |
| Shares of various corporations and bonds issued by various corporations......................... | 123, 624 00 |
| | $129, 790 24 |

Real estate in Brooklyn valued at........ $10, 000
Real estate in Newport (specifically devised
  to Florence Matthews) valued at...... 6, 000
Real estate in Washington (specifically
  devised to Ellen C. Woodbury) valued at 2, 600
                                          ————— 18, 600 00

Total estate, real and personal................. $148, 390 24

At Special Term it was held that the legacy of $1,000 to " The poor of Bath " was void for uncertainty, and that the legacy of $4,000 to " The American Hospital if erected in Paris " was void because no such institution was in existence at the death of the testatrix. It was also held that the devise and bequest to Ellen C. Woodbury and to *her* executors, by the clauses above quoted, were void " for want of intrinsic certainty and extrinsic application," and that the residue of the testatrix's estate passed to her father, Thomas Harward, sole heir and next of kin.

*William G. Choate* and *Charles C. Marshall*, for Ellen C. Woodbury, appellant.

*James D. Fessenden*, for plaintiffs, respondents.

*George G. De Witt* and *Daniel G. Rollins*, for the executors of Thomas Harward, respondents.

*B. D. Silliman*, for the Greenwood Cemetery, respondent.

*Edmund Kelly*, for Dr. Labadie Lagrave, respondent.

FOLLETT, J.:

The plaintiffs, executors of Lizzie H. Perkins, have not espoused the cause of any of the litigants and do not contend for any particular interpretation of the will, but simply ask the court to construe it so that they may be relieved from liability.

Ellen C. Woodbury has appealed from the whole of the judgment, but in fact she challenges only that part of it adjudging to be void the clause, " I appoint Ellen C. Woodbury my legatee and give to her all not before specified in this, and request her to give as I may direct or sell from what remains."

The sole question discussed at the bar of this court, and the only one involved on this appeal, is whether Ellen C. Woodbury is the residuary legatee of the testatrix and entitled to all of her estate not legally devised and bequeathed, or are the executors of her father, who was the sole next of kin, entitled to the residuum?

The two clauses quoted in the statement which precedes this opinion are the last ones in the will, but a residuary clause may be the first, the last or an intermediate one, and it is quite immaterial what its position may be provided it was the intention of the testator by it to dispose of all of his property not devised or bequeathed in other parts of the will. (*Fleming* v. *Burrows*, 1 Russ. 276; S. C., 4 L. J. Ch. 115.) The position in the will of such a clause may sometimes aid to interpret it or the other provisions, but if the intent of the testator is manifest its position will not affect its validity.

The questions in this case are: (1) Did the testatrix intend to give all of her property not disposed of by the other clauses of her will to Ellen C. Woodbury? (2) In case that was her intent, is the language used by her sufficient, under the rules of law, to carry the residuum to Miss Woodbury? (3) Do the words, " and request her to give as I may direct or sell from what remains," create a precatory trust?

It is perfectly clear that the testatrix did not intend to die intestate as to any part of her estate. It is manifest that she did not intend that any part of her estate should go to her next of kin, her father,

a centenarian and more, who, as it appears by his will, had a considerable estate, the pecuniary bequests therein amounting to more than $90,000, $34,000 being left to charitable corporations. Neither did she intend that all of the avails derived from the sales of "bonds, stocks and other property" should be divided among "hospitals and homes for women in Washington and New York," because her pecuniary bequests, amounting to $38,000, exceeded the value of all of her estate other than her bonds and stocks, most of which she specifically devised and bequeathed.

The fact that the testatrix did not intend to bequeath to Ellen C. Woodbury her "bonds, stocks and other property," directed by the final clause to be sold and the avails given to hospitals and homes, is not decisive of the question whether the testatrix intended that Miss Woodbury should be the residuary legatee, because it often happens that a residuary clause carries to such a legatee lapsed devises and bequests and property which the testator intended and attempted to give to others, but failed by reason of the invalidity of the provisions by which the intention was attempted to be effectuated. But when it is doubtful whether the testator intended to give the residuum of his estate to a particular person all of the clauses of the will may be considered as bearing on the question of intent.

It was shown that Miss Woodbury was the intimate friend and companion of the testatrix, to whom, when the latter was "wild with the thought of death," she appealed, to "burn every paper and family picture" and to dispose of many of her articles of personal property as directed, and to "try to do as I would wish."

The clause under consideration begins: "I appoint Ellen C. Woodbury my legatee, and give to her all not before specified in this," etc. This language was designed to express an intent then existing in the mind of the testatrix. What was it? Clearly not to give to Miss Woodbury a particular sum, for none is mentioned, nor to make a specific bequest or devise, for no property, real or personal, is specified, and so, if the testatrix had an intent, as we must presume she had, we are driven to the conclusion that her intent was to give her what remained after paying her debts and satisfying the particular legacies and devises made by the will.

The last word of the following sentence is not meaningless: "To give as I may direct or sell from what remains." Remains

plainly refers to some part of her estate. What part? Manifestly to the part left undisposed of by the other clauses of her will. Remains in this connection denotes residue. This brings us to the second question, is the language employed sufficient under the rules. of law to carry the residuum to Miss Woodbury?

The words "I appoint A. my legatee," or, "I nominate A. my legatee" of a sum specified or of the residue of my estate carries to A. the sum specified, or the residue, as effectually as though the formal and more usual words "I bequeath to A. a sum specified, or the. residue of my estate," had been used. (*Spark v. Purnell,* Hobart, 75 ; *Tayler* v. *Web,* Style, 301 ; *Jackson* v. *Kelly,* 2 Vesey Sr. 285 ; *Parker* v. *Nickson,* 1 De G., J. & S. 177 ; *Waite* v. *Combes,* 5 De G. & S. 676 ; *Hughes* v. *Pritchard,* L. R. [6 Ch. Div.] 24 ; *Laing* v. *Barber,* 119 Mass. 523 ; *Succession of Ehrenberg,* 21 La. Ann. 280.)

"No particular mode of expression. is necessary to constitute a. residuary legatee. It is sufficient, if the intention of the testator be plainly expressed in the will, that the surplus of his estate, after payment of debts and legacies, shall be taken by a person there designated." (2 Will. Ex. [7th Am. ed.] 801, and cases cited ; 1 Jarm. Wills [6th Am. ed.], 724, *et seq.,* and cases cited.)

If so intended, the word "bequest" will pass real estate, and the word "devise" will carry personalty. (*Cole* v. *Covington,* 86 N. C. 295 ; *Williams* v. *McComb,* 3 Ired. Eq. [N. C.] 450 ; *Laing* v. *Barbour, supra ; The Estate of Pfuell,* Myrick Pro. Rep. [Cal.] 38 ; *Jackson* v. *Kelly, supra ; Hughes* v. *Pritchard, supra ; People's Trust Company* v. *Smith,* 82 Hun, 494 ; 1 Will. Ex.. [7th Am. ed.] 94 ; 1 Jarm. Wills [6th Am. ed.], 693, 697.)

The clause under consideration is sufficient in law to devise and bequeath the residuary estate to Ellen C. Woodbury.

This brings us to the third question, does the clause create a. precatory trust?

The testatrix did not direct Miss Woodbury to give or sell any part of the property devised and bequeathed to her. The clause implies that she may make a direction, but she never did by a subsequent testamentary instrument, and a trust is not created.. (*Matter of Will of O'Hara,* 95 N. Y. 403 ; *Matter of Will of Keleman,* 126 id. 73.)

The judgment should be affirmed except the part which declares to be void the clause : " I appoint Ellen C. Woodbury my legatee, and give to her all not before specified in this, and request her to give as I may direct or sell from what remains." This part of the judgment should be reversed and the executors directed to pay and transfer to Ellen C. Woodbury all of the testatrix's estate not held to have been legally devised and bequeathed by the judgment of the Special Term. Miss Woodbury having appealed from the whole of the judgment, the Greenwood Cemetery and Dr. Labadie Lagrave were justified in appearing in this court to sustain their bequests. The plaintiffs, Ellen C. Woodbury, the executors of Thomas Harward, the Greenwood Cemetery and Dr. Labadie Lagrave are entitled to costs, payable out of the estate.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment modified as directed in opinion, and affirmed as modified, with costs to the plaintiffs, Ellen C. Woodbury, the executors of Harward, the Greenwood Cemetery and Dr. Lagrave payable out of the estate.