MATTHEW LAUGHLIN, Admr.,

*vs.*

MARGARET M. NORCROSS, Admrx.

Penobscot.    Opinion December 4, 1902.

*Life Insurance.    Predecease of Beneficiary.    Vested Interest.    Will.
After Acquired Property.*

A policy of life insurance, the moment it is issued, creates a vested interest in the beneficiary therein named.

Such interest will pass under a devise of all the estate, real, personal, and mixed, wherever found and however situate, whereof the testatrix may die seized or possessed.

This result is not affected by the fact that the policy was not in existence at the date of the will. The will takes effect at the decease of the testatrix, and operates upon all property then owned by her.

On report.    In equity.    Bill sustained.

Bill, by her administrator with the will annexed, for the construction of the will of Harriet W. Norcross, deceased. Heard on bill and answers.

Plaintiff's testatrix made her will before her husband insured his life in her favor.    He died intestate nearly ten years after her death, leaving a widow and two children by a second marriage.

The next of kin of Harriet W. Norcross, deceased, was her brother, Joseph N. Whittier, who contended that the life insurance did not pass by his sister's will, but that she died intestate as to that fund, one-half of which he claimed.

*Matthew Laughlin,* pro se.

Counsel argued that the insurance money passed under the broad residuary clause in the will of Harriet W. Norcross. And that while the whole fund in the first instance should be decreed to the administrator de bonis non with the will annexed of the estate of Harriet W. Norcross, deceased, it would eventually inure to the

benefit of Margaret M. Norcross, administratrix of the estate of the testatrix's deceased husband.

*Norman Wardwell,* for defendant Margaret M. Norcross, administratrix.

*E. W. Freeman,* for defendant Whittier.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. The complainant, as administrator with the will annexed of Harriet W. Norcross, has received the amount of a life insurance policy issued to her husband, Joseph N. Norcross, and brings this bill for a construction of her will and of said policy.

Joseph N. Norcross on Dec. 15, 1888, procured said policy of insurance upon his life for the sum of $1000.00, which, by the express terms of the policy, was payable upon his death to his wife Harriet W. Norcross, if living, and if deceased to her executors, administrators, or assigns. Harriet W. Norcross died January 21, 1892, leaving a will, dated May 5, 1887, by which she devised and bequeathed all her estate to her said husband. Nov. 4, 1901, Joseph died intestate, leaving a wife and children by a second marriage. The question presented is, whether the proceeds of the policy pass under the will, and are to be paid over to the legal representative of the husband, or should be distributed as intestate property, one-half to the estate of the husband, and one-half to the heir-at-law of the said Harriet.

It is settled by the great weight of authority that a policy of life insurance, the moment it is issued, creates a vested interest in the beneficiary therein named. *Hooker* v. *Sugg,* 102 N. C. 115, and note to the same in 11 Am. St. Rep. 717, 721, 3 L. R. A. 217; May on Ins. § 390; *Con. Life Ins. Co.* v. *Palmer,* 42 Conn. 60, 19 Am. Rep. 530; *Voss* v. *Conn. Mutual Life Ins. Co.,* 119 Mich. 161, 44 L. R. A. 689; *Harley* v. *Heist,* 86 Ind. 196, 44 Am. Rep. 285; *Cent. Nat'l Bank* v. *Hume,* 128 U. S. 195; Am. & Eng. Ency. of Law, 987; *Small* v. *Jose,* 86 Maine, 120. Such, in this case, was the plainly expressed intention of the parties to the contract, which pro-

vided that in case of the predecease of the beneficiary the amount of the policy should be payable to her "executors, administrators, and assigns." Both the defendants at bar claim under the beneficiary, and it cannot be seriously contended that she took such an interest as could be inherited, but not devised.

In determining whether the beneficiary's interest under the policy passed by the devise to her husband, the result is not affected by the fact that the policy was not in existence at the date of the will. Her interest under the policy vested the moment it was issued. The will took effect at her decease, and operated upon the property then owned by her. No more comprehensive terms could be used than those employed by the testatrix. She devised and bequeathed to her husband "his heirs and assigns forever, all the estate, real, personal, and mixed, wherever found and however situate, whereof I die seized and possessed." By this very language it was held in *Small* v. *Jose*, supra, that the testator evidently meant to include all kinds of rights that were transmissible. For still greater certainty however the testatrix adds, "I desire and intend all my property at my death to pass to the said Joseph N. Norcross, to be held by the said Joseph, his heirs and assigns forever." An intention so plainly and aptly expressed cannot be disregarded. The proceeds of the policy in the hands of the complainant passed under the will, and are to be paid over by him to the legal representative of Joseph N. Norcross, after deducting the costs of administration, and costs and reasonable counsel fees of these proceedings, which should be allowed to the complainant. A decree is to be entered in accordance with this opinion.

*So ordered.*