# Walker *v.* Shugert et al., Appellants.

*Wills — Construction—Words and phrases—"Bequeath"—"Possessed"—Estate in remainder in real estate.*

1. Where a person, owning personal property and an estate in remainder in real estate, dies during the life of the life tenant of the real estate, without ever having had actual occupancy or possession of the real estate, leaving a will in which he directs "I give and bequeath to my wife all the property of which I may die possessed," the wife takes the real estate after the death of the life tenant.

2. Possession of the real estate in question by lessees of the life tenant is immaterial in construing the will.

3. The word "bequeath" was used by testatrix in the popular sense, which includes "devise."

4. The word "possessed" was not used by the testator to confine the disposition of his estate to only such property as he either physically possessed or possessed in actual enjoyment; it included the vested estate in remainder, which he possessed in every legal sense.

Argued January 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 103, Jan. T., 1928, by defendants, from judgment of C. P. Center Co., Sept. T., 1927, No. 163, for plaintiff on petition for declaratory judgment, in case of Ivan Walker, Trustee of Mary C. Harris, a bankrupt, v. Kate H. Shugert and Adeline H. Curtin, in their individual rights, and John Blanchard, trustee under will of James Harris, deceased. Affirmed.

Petition for declaratory judgment. Before WHITE-HEAD, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*John Blanchard,* with him *Edmund Blanchard,* for appellants.—Since a remainderman has only an estate to vest in possession in futuro, he is entitled to neither actual nor constructive possession of the property until the termination of the particular estate: Thompson v. Wanamaker, 268 Pa. 203.

Where the language of the will, particularly in its description and identification of the subject-matter of a gift, is surrounded by such ambiguity that it cannot be said, beyond necessary implication to the contrary, that the descriptive words cover the subject-matter in question, this doubt must resolve the case so as to

declare an intestacy and avoid a disinheritance of the heirs by anything else than necessary implication: French v. M'Ilhenny, 2 Binn. 13; Coale v. Smith, 4 Pa. 376; Bender v. Deitrick, 7 W. & S. 284; Howe's App., 126 Pa. 233; DeSilver's Est., 142 Pa. 74; Schmidth's Est., 183 Pa. 641.

*Newton B. Spangler,* for appellee.—Doubts in the construction of a will are to be resolved in favor of a widow accepting the provisions of a will in lieu of her rights under the intestate law: McCallums's Est., 211 Pa. 205; Strine's Est., 21 Lanc. L. R. 30; Lippincott's Est., 276 Pa. 283.

Words and phrases used in the George F. Harris will imply a gift of all his property, both real and personal: Rossetter v. Simmons, 6 S. & R. 452, 455; George v. R. R., 47 Pa. Superior Ct. 520, 523; White v. Com., 110 Pa. 90, 93; Scranton v. Wheeler, 179 U. S. 141; Clingan v. Mitcheltree, 31 Pa. 25; Morrison v. Semple, 6 Binn. 94.

Whether the word "bequeath" means the same as "devise" when used in a will, is to be determined by the connection in which it is found: Dow v. Dow, 36 Me. 211, 216.

That the word "possess" or "possessed" implies ownership rather than corporeal occupancy in its popular and ordinary meaning, is indicated by its use by this court in defining the mental capacity of a person capable of making a will: Wilson v. Mitchell, 101 Pa. 495.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 12, 1928:

The declaratory judgment in this case was asked, by all parties concerned, in a controversy over the ownership of a certain piece of real estate known as the "Harris Block," in the Borough of Bellefonte. The court below held that Mary C. Harris, now deceased, whose interest is represented by Ivan Walker, the plain-

tiff-trustee, owned the property in fee at the time of her death, having acquired it under the will of her husband, George F. Harris, deceased; defendants have appealed.

The facts necessary to an understanding of the case are as follows: James Harris, whose title is conceded by both sides, died August 19, 1908; by his will, he placed the Harris Block in trust during the life of his wife, Lavinia Catherine Harris, and at her death he gave it to his brother, "Dr. George F. Harris, his heirs and assigns forever, freed of said trusts." Dr. Harris died September 10, 1911, seized of the premises in controversy, subject to the life estate of Lavinia Harris, who did not die till 1921. He left to survive him two children, Kate H. Shugert and Adeline H. Curtin, who, with John Blanchard, trustee under the will of James Harris, deceased, are the defendants in this case; he also left a widow, Mary C. Harris, the sole beneficiary named in a will written by his own hand, the full text of which, eliminating some unimportant words, is as follows: "I, George F. Harris......give and bequeath to my beloved wife, Mary C. Harris, all the property of which I may die possessed—to be by her disposed of according to her will and pleasure. I appoint the said Mary C. Harris sole executrix without bond." Mary C. Harris died April 13, 1927; but prior thereto, in 1925, she had been declared a bankrupt by the federal courts, and Walker, the plaintiff, was appointed her trustee.

We are not here concerned with the will of James Harris; there is no question as to it; the controversy is over the proper construction to be given to the above-quoted will of his son, George F. Harris. The latter's children, as appellants, call attention to the fact that the testator, in this will, uses the word "bequeath," not "devise," and that, in the gift to his widow, he mentions "all the property of which I may die *possessed*" (the italics are ours); also to the further facts that, "except as to the right, title and interest of George F. Harris

in the Harris Block," testator's entire estate at the time of his death consisted of personal property, and that he never had actual physical possession of the premises in dispute, since such possession "has heretofore been and now is" in various tenants, lessees of the trustee under the will of James Harris, deceased. Because of this state of facts, the appellants in question contend that the remainder in the Harris Block, owned by their father, was not intended to and did not pass under his will, but passed under the intestate laws, whereby, they claim, his widow, Mary C. Harris, and they, his children, became entitled to such remainder upon his death, subject to the life estate of Lavinia C. Harris, which terminated at her death on January 10, 1921, and subject also to the lawful occupancy of the various portions of the premises by the lessee-tenants, which right of occupancy still continues.

On the other hand, plaintiff contends that the estate in remainder, subject to the prior life interest of Lavinia C. Harris, did not, on the death of George F. Harris, pass under the intestate laws to his widow and children, but passed under his will to his widow alone, and that, by reason of her bankruptcy, the entire estate in remainder, and since the death of the life tenant, the fee simple absolute in the property in controversy, is now vested in him, Ivan Walker, as trustee in bankruptcy of Mary C. Harris, "subject to the lawful occupancy of the various portions of said premises by the lessee-tenants." The court below correctly sustained plaintiff's contention.

The will before us for construction is one of those not unusual testamentary documents whereby a man intends to leave his worldly possessions of every kind to his wife, trusting her to care for his children. The fact that, in place of using the word "devise," this testator employed "bequeath" cannot defeat that purpose as to any part of his estate; these words are often used interchangeably by those unlearned in legal par-

lance (Rountree v. Pursel, 11 Ind. App. 522, 39 N. E. 747, 749; Wyman v. Woodbury, 86 Hun 277, 33 N. Y. Supp. 217); in fact, as was said in Ogle v. Taylor, 49 Md. 158, 175, "The popular sense of the word bequeath includes devises;......the terms are used as synonymous or equivalent by the lexicographers." * Moreover, it must not be overlooked that, in addition to "bequeath," testator used the word "give," which, of course, is equally applicable to a gift of either real or personal estate.

We see nothing in the language of this will to justify a finding that George F. Harris intended to dispose of his personal estate only, or that he intended to exclude any property over which he had the right of disposition. Surely testator's expression, "of which I may die possessed," has no significance to exclude the present property; for when George F. Harris wrote his will, and at his death, he owned a remainder in the Harris Block, which estate was vested "in interest" though not in enjoyment, and, therefore, it was property possessed by him: Groninger's Est., 268 Pa. 184, 189-190; Brown's Est., 289 Pa. 101, 113, 115, 116. Again, there is nothing in the language of this will to indicate that its writer meant, by the use of the word "possessed," to confine the disposition of his estate to only such property as he either physically possessed or possessed in actual enjoyment. "Possessed" is a word which can be and often is employed "to denote ownership" (Hemingway v. Hemingway, 22 Conn. 462, 472; 6 Words and Phrases 5464); as, for instance, in the popular testamentary expressions, "all the property I possess" and

---

* In the following digests will be found collections of cases wherein the word "bequeath," because used in its popular rather than its technical legal sense, has been held to be the synonym of "devise": 1 Words and Phrases 757; 1 Words and Phrases (N. S.) 430; see also cases cited in Wyman v. Woodbury, 86 Hun. 277, 33 N. Y. Sup. 217, 220-221.

"all the property I die possessed of." * 　Indicating how varied are the meanings given to the word under consideration, the expression "of which I may be possessed at the time of my decease" is sometimes used even as referring to a testator's right of disposition over property to which he lacks legal title: Thompson v. Wanamaker's Trustee, 268 Pa. 203, 212. There is no reason appearing on the face of the present will for believing that, by the expression "all the property of which I may die possessed," the testator meant anything else than "all the property I may own when I die, or over which I have the right of disposal"; and he owned a vested remainder in the premises here in controversy, which in course of time was bound to ripen into ownership of the full estate. He "owned" this property in every sense of that term, though subject to the life estate which has since expired. The vested interest which he possessed could have been taken in execution for his debts; he could have sold it, and had full power to

---

* The same and analogous expressions, all containing the word, or a variant of the word, "possessed," have been construed in the following cases and,—in the absence of an apparent motive or circumstance, disclosed in the context, for restricting the broad meaning of that word,—have been held to pass all that the testator "owned," or "had a right to dispose of," or all of his "rights that were transmissible," whether in real or personal estate: Hollowell v. Manly, 179 N. C. 262, 265; Brantly v. Kee, 58 N. C. 332, 337; Thomas v. Blair, 111 La. 678; Whitehead v. Gibbons, 10 N. J. Eq. 230, 239; Laughlin v. Norcross, 97 Me. 33, 53 Atl. 834; Davenport v. Coltman, 9 M. & W. 481, 152 Eng. Repr. 203, 209; Fisher v. Wagner, 109 Md. 243, 71 Atl. 999, 1004, 21 L. R. A. (N. S.) 121; see also, Fuller v. Fuller, 84 Me. 475, 479, 24 Atl. 946, 947; Greene v. Huntington, 73 Conn. 106, 46 Atl. 883, 886; Mayor v. Moran et al., 44 Mich. 602, 603, 7 N. W. 180, 187; 22 Am. & Eng. Encyc. of Law, p. 1030, note 8, and cases there cited. In those cases where a more restricted meaning is given to the word "possessed," a context will be found which specially requires that course: see, for instance, Monk v. Mawdsley, 1 Sim. 286, 290, 57 Eng. Repr. 584, 586; Cook v. Jaggard, L. R. 1 Exch. 125, 128; Blaisdell v. Hight, 69 Me. 306, 309.

devise it, which we have no doubt he intended to do by the words of gift now before us; certainly the comprehensive language employed by him expresses such intention, and no words in the will or facts on the record are sufficient to warrant any other interpretation.

We are not impressed by appellants' contention that the Harris Block having been constantly occupied by tenants since George F. Harris acquired his interest therein, was not at any time possessed by him and, therefore, did not fall within the description of the property mentioned in his will. Such a view is too narrow to call for more than passing notice; suffice it to say, the possession by the tenants of the premises in controversy, under leases made by the trustee named in the will of the original testator, James Harris, was just as much the possession of George F. Harris, the remainderman, and those who now claim under him, as it was of the life tenant or of the trustees who made such leases,—that is, provided those who owned the remainder acknowledged the right of the trustee to bind them by such leases, and the petition in this case shows that none of the parties has ever questioned that right. In short, the possession of the lessees under the trustees is not entitled to consideration in construing the device to Mary C. Harris, any more than if testator, George F. Harris, had owned the property outright when such tenancies were created.

The declaratory judgment entered by the court below is affirmed; costs to be paid out of the fund in the hands of the defendant Blanchard.