WILLIAM A. STRINGFELLOW *and* CLAIRE STRINGFELLOW, *Appellants,* v. J. E. ALEXANDER, FRANCIS STRINGFELLOW, a minor, through his Guardian, ROBERT L. STRINGFELLOW, and VOLUSIA COUNTY BANK AND TRUST COMPANY, a corporation, *Appellees.*

Division A.

Opinion filed June 13, 1928.

*Robert H. Anderson,* for Appellants;

*Scarlett, Jordan, Futch & Fielding,* for Appellee.

ELLIS, C. J.—In October, 1922, there were in existence two life insurance policies: one issued by Travellers' Insurance Company on the life of J. E. Alexander in the sum of $5,000.00, payable to Frances S. Alexander and dated March 9, 1896; the other issued by Woodmen of

the World on the life of J. E. Alexander in the sum of $2,000.00, payable to Frances S. Alexander and dated August 28, 1908.

Frances S. Alexander was the mother of J. E. Alexander. She departed this life sometime after the 24th day of October, 1922. On the last mentioned date J. E. Alexander, by a written instrument under seal, "transferred and assigned to Volusia County Bank & Trust Company, De-Land, Florida, the proceeds" of the aforementioned insurance policies. The instrument is set out here in full. It is as follows:

"Know all men by these presents that I, J. E. Alexander, of DeLand, Volusia County, Florida, have in consideration of the sum of one dollar and other good and valuable considerations, transferred, assigned and set thereunto the Volusia County Bank and Trust Company the proceeds of the following described policies of insurance as the same shall become payable to me or to my estate: Policy 87104, issued by the Travellers Insurance Company, $5,000.00 on the life of J. E. Alexander, dated March 9th, 1896, payable to Frances S. Alexander. Policy No. 13287, issued by Woodmen of the World, $2,000.00 on the life of J. E. Alexander, dated August 28th, 1908, payable to Frances S. Alexander. . To have and to hold the proceeds of said described insurance policies in trust for my mother, Frances S. Alexander, and in the event of her death if I should survive her, the same to be paid to my niece, Claire Stringfellow, and nephews, Willie Stringfellow and Francis Stringfellow.

"IN TESTIMONY WHEREOF, I set my hand and seal this 24th day of October, A. D. 1922.

(Seal)                                      "J. E. ALEXANDER.
    "J. E. Peacock.
    "Robt. H. Anderson.

"State of Florida,
"Volusia County.

"Before the subscriber, personally appeared J. E. Alexander, to me well known to be the individual described in and who executed the foregoing instrument, and acknowledged and declared that he did execute the same for the uses and purposes therein expressed.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal, this 24th day of October, A. D. 1922.

"J. E. PEACOCK, Notary Public.

(Seal)

"My commission expires April 11, 1925."

In August, 1924, J. E. Alexander exhibited his petition in the Circuit Court for Volusia County for a reformation and cancellation of the assignment and named as respondents his niece, Claire Stringfellow, and his nephews, Willie Stringfellow and Francis Stringfellow, minor son of Robert L. Stringfellow, through the latter as guardian.

The substance of the petition was that the scrivener in preparing the assignment made an error in that the assignment provided that the proceeds of the policies should be held in trust for the petitioner's mother "and in the event of her death, if I (petitioner) should survive her, the same to be paid to my niece, Claire Stringfellow, and nephews, Willie Stringfellow and Francis Stringfellow," whereas it was petitioner's purpose that the phrase: "in the event of her death, if I should survive her," should have read as follows: "in the event of her death, if I should *not* survive her." It is alleged that he intended to provide for his niece and nephews in the matter of the disposition of the proceeds of the policies only in the event that his mother should survive him; that the assignment was made with-

out valuable consideration and that petitioner intended to reserve for himself the right to "borrow as against said policies, and to further assign the same, and to do with them as he might desire, in the event that his mother, the said Frances S. Alexander, should not survive him."

Demurrers were interposed to the "petition" by Claire Stringfellow and Willie Stringfellow and the bank answered that it was without any knowledge of the facts alleged except that the assignment was executed by the petitioner and delivered to the bank. A decree *pro confesso* was entered against Francis Stringfellow through his guardian. The demurrers were overruled, and the two Stringfellows appealed.

The conclusion of the Court is that the chancellor erred in overruling the demurrers which should have been sustained.

The assignment of the proceeds of the policies as the same was prepared and delivered to the bank amounted merely to the designation of another beneficiary in the event the mother should not survive the insured.

In that the petitioner was within his rights. He merely named other beneficiaries in the event the first named beneficiary should predecease the assured. If the assignment had been made in the form according to which he now asks that it be drafted he would merely have attempted to change the beneficiary named in the policies without obtaining the original beneficiary's consent.

In other words, the petitioner took out insurance upon his life and named his mother beneficiary. In the event of petitioner's death the mother would be entitled to the proceeds of the policies. He then thought that in the event his mother should predecease him he would like the proceeds in the event of his death to go to his nephews and niece, so he executed the trust assignment. Now he says

that he desired, in case he had died before his mother, the proceeds to go to his nephews and niece. The effect of the assignment would have been to substitute the nephews and niece for his mother as beneficiary, and that without her consent.

In view of the uncertainty of all life the assured commendably made provision for his mother against the event of his death before her's and named her as beneficiary. This gave her, who had an insurable interest in his life, an interest both in the contract and, in the event of his prior death, to the proceeds of the policies. In the absence of any showing of the existence of clauses in the policies authorizing the assured to change the beneficiary named he would not be permitted to do so without the consent of the beneficiary.

The assignment as originally prepared was valid. See New York Mutual Life Insurance Co. v. Hagerman, 19 Colo. App. 33, 72 Pac. R. 889; Burton v. Burton, 56 N. Y. App. Div. 1, 67 N. Y. S. R. 338; New York Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. R. 877, 29 L. ed. 997.

As it is desired to be amended it would be invalid as being made without the consent of the insured who was living when it was made. Drake v. Stone, 58 Ala. 133; Griffith v. New York Life Ins. Co., 101 Cal. 627, 36 Pac. R., 113, 40 Am. St. R. 96; New York Mutual Life Insurance Co. v. Hagerman, *supra*; Lemon v. The Phoenix Mutual Life Ins. Co., 38 Conn. 294; Glanz v. Gloeckler, 104 Ill. 573, 44 Am. R. 94; Weisert v. Muehl, 81 Ky. 336; Laughlin v. Norcross, 97 Me. 33, 53 Atl. R. 834; Garner v. Germania Life Ins. Co., 110 N. Y. 266, 18 N. E. R. 130; 1 L. R. A. 256; Central Bank of Washington v. Hume, 128 U. S. 195, 32 L. ed. 370, 9 Sup Ct. R. 41; Penn. Mutual Life Ins. Co. v. Norcross, 163 Ind. 379, 72 N. E. R. 132.

We do not decide the question which under different circumstances might be presented as to the affect of the assignment upon persons who might inherit the proceeds of the policies from Mrs. Alexander as her heirs. She having had a vested interest in the policies and the proceeds to be paid thereunder from the moment they were issued, the question might be appropriately raised of the validity of the first assignment even in so far as it sought to divert the proceeds of the policies from those who would inherit from Mrs. Alexander. The question is not presented and is not therefore necessary to be determined.

The chancellor erred and the orders overruling the demurrers to the petition are reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J. AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.