[Civ. No. 13131. Second Dist., Div. Two. July 10, 1941.]

Estate of FRANCES R. CHAMBERLAIN, Deceased. MILDRED JORDAN, Petitioner and Appellant, v. HENRY CHAMBERLAIN et al., Contestants and Appellants; CHARLES H. ENGLISH et al., Claimants and Appellants; ROYDEN INGHAM, Executor, etc., Respondent.

Howard F. Shepherd for Petitioner and Appellant.

Nourse & Jones for Claimants and Appellants.

Frank Mergenthaler, Salisbury, Robinson & Himrod and Charles A. Loring for Contestants and Appellants.

Ernest C. Griffith for Respondent.

McCOMB, J.—These appeals, transferred from the Supreme Court to this court for decision, pursuant to the provisions of article VI, section 4c of the Constitution of the State of California, are from a decree of the superior court sitting in probate in a proceeding to determine heirship, finding that 1) Horace B. English, Charles H. English, and Dorothy English Sampson are the residuary legatees of decedent, and 2) Charles H. English, Horace B. English, and Dorothy English Sampson are the heirs of decedent, and 3) Mildred Jordan is entitled to certain property mentioned in the will of decedent.

The essential facts are:

Frances R. Chamberlain died testate in Los Angeles County October 12, 1939. She left an olographic will dated March 29, 1939, which was duly admitted to probate. The olo-

graphic will written on twenty-four sheets of paper contained, so far as material here, the following provisions:

"Will of Frances R. Chamberlain.
After paying these amounts—
and amts. due for administrator
and attorney, whatever remains
of cash—shall be devided between
Charles English
Horace English
Dorothy Sampson
children of my deceased sister,
'share & share alike'—
After distributing the few personal
possessions listed on other pages—
all the rest & residue, I give to Mrs.
Mildred Jordan—this includes any
furniture rugs—& personal apparel &c.
nothing of much value—but may
be helpful to dear friends—To whom
she will distribute said belongings
with the help of Bert Mankin and
Mary Dale—or Mrs. Gladys Rice."

These are the only questions necessary for us to determine:

*First: Did decedent dispose of the rest and residue of her estate by her will?*

*Second: Did the word "cash", as used by decedent in the portion of her will above mentioned, include stocks and bonds?*

The first question must be answered in the affirmative. The law is established that, if the language of a will is definite, certain and unambiguous, it will be taken to be an accurate and precise expression of decedent's intention, and the court is without authority to consider extrinsic evidence or extraneous circumstances in arriving at the decedent's intent (see cases cited, 26 Cal. Jur. [1926] 889, sec. 205, note 12).

Applying the foregoing rule to the will in the instant case, it appears that the decedent clearly disposed of the rest and residue of her estate. She said, "After distributing the few personal possessions listed on other pages—*all the rest & residue*, I give to Mrs. Mildred Jordan—this includes any furniture rugs—& personal apparel &c. nothing of much value—but may be helpful to dear friends—To whom she will distribute said belongings with the help of Bert Mankin and Mary Dale—or Mrs. Gladys Rice."

It appears to us that the foregoing expression means exactly what it says, that is, that Mildred Jordan was to have the rest and residue of decedent's estate, which estate included furniture, rugs, and personal apparel, the latter of which were not of much value.

The foregoing construction of the will is in line with the views expressed by Mr. Justice Urner in *Holmes* v. *Mackenzie*, 118 Md. 210 [84 Atl. 340, 342], as follows:

"The principle is elementary that a general residuary clause will be held to preclude intestacy as to any part of the estate, unless the clear intent of the will prevents such a construction. As the words 'rest and residue' are in themselves comprehensive enough to include any interest in the estate of the testator not previously devised or bequeathed, 'the safest course,' to use the language of Lord Eldon, 'is to abide by the words unless upon the whole will there is something amounting almost to demonstration that the plain meaning of the words is not the meaning of the testator.' "

See also *Faison* v. *Middleton*, 171 N. C. 170 [88 S. E. 141, 142, Ann. Cas. 1917E, 72], where the court says:

" 'Residue', meaning that which remains, no particular mode of expression is necessary to constitute a residuary clause. The words 'rest', 'residue', or 'remainder' are commonly used in the residuary clause, whose natural position is at the end of the disposing portion of the will, but all that is necessary is an adequate designation of what has not otherwise been disposed of, and the fact that a provision so operating is not called the residuary clause is immaterial."

It was, therefore, error for the trial court to hold that Horace B. English, Charles H. English, and Dorothy English Sampson were the residuary legatees.

The second question must be answered in the negative. Decedent said, "After paying these amounts — and amts. due for administrator and attorney, whatever remains of cash—shall be devided between Charles English, Horace English, Dorothy Sampson, children of my deceased sister, 'share & share alike' . . . "

The words of a will are to be taken in their ordinary and grammatical sense, unless there be a clear intention to use them in another sense and unless that other sense can be ascertained from the will (sec. 106 Probate Code; *Estate of Boyle*, 2 Cal. App. (2d) 234, 236 [37 Pac. (2d) 841]).

In the instant case there is nothing to indicate that the decedent intended that the word "cash" be used in any other or different sense from that which ordinarily attaches to it. Cash is "current money in hand or readily available." (Funk & Wagnalls Practical Standard Dictionary [1938] 190.) See also *In Re Feist's Will,* 170 Misc. 497 [10 N. Y. Supp. (2d) 506, 508], where the court says:

" 'Cash' means especially 'ready money' at command, subject to free disposal; not tied up in a fixed state. It is almost the equivalent of 'loose money'."

From the foregoing it is evident that the trial court erred in holding that the word "cash" included United States bonds, shares of stock, etc.

It is immaterial, in view of our conclusions, whether Horace B. English, Charles H. English, and Dorothy English Sampson are the legal heirs of decedent to the exclusion of Henry Chamberlain, Mary Lee Chamberlain, and Lois C. Salisbury, and the questions raised on the appeal of Henry Chamberlain, Mary Lee Chamberlain, and Lois C. Salisbury are moot. Therefore, on this ground their appeal is dismissed.

Likewise it is immaterial for the same reasons whether decedent left her personal effects in trust to Mildred Jordan, which trust was void for uncertainty, as contended by appellants Horace B. English, Charles H. English, and Dorothy English Sampson, since in any event Mildred Jordan would receive the property as a residuary legatee. Therefore, the question raised by their appeal is also moot. Such appeal is dismissed.

The order appealed from by Mildred Jordan is reversed with directions to the trial court to enter a decree in accordance with the views expressed in this opinion.

Moore, P. J., concurred.

Petitions by claimants and appellants and by respondent for a rehearing were denied August 4, 1941, and respondent's petition for a hearing by the Supreme Court was denied August 28, 1941.