## URBAN et al. v. FOSSATI et al.

### No. 12653.

Court of Civil Appeals of Texas. San Antonio.

March 10, 1954.

Rehearing Denied April 7, 1954.

Scarborough & Pollard, Frank H. Crain, Jr., Victoria, for appellants.

Ed. C. Thomas, Richard D. Cullen, Joe E. Kelly, Victoria, for appellees.

POPE, Justice.

This case concerns the construction of the residuary clause to a holographic will. More specifically, the question is whether the testatrix disposed of all the balance of her entire estate by the residuary clause,

or whether she disposed only of all that remained out of certain named funds. The will is short and is as follows:

My Last Will and Testament

"Aug 27—1949

"My Lalst Will And Testament

"C J Fossati

"Dear Newphew when I die you sell this Home and Cleck my Inshurens Pollis and pay all of my debts and you get $200 Dolls, Two Hunters Dolls for you work, giv the Churches sum for Masses

St Marys Church *$50* Fifty Dolls

Our Lady of Lourdes $50 Fifty Dolls

Our Lady Sorrower $25 Twenty Five

St. Josep High School Chapple $25 Twenty Five

what is left devid even with Nazareth Academy Schoo and St. Joseph School. Thank you very much this is my Last Will And Testament

"Matilda Bianchi

"407 S Wm St

"Victoria Texas"

The home was sold and the insurance collected for a total revenue of approximately $10,000. The debts and special bequests amounted to a little in excess of $2,000. The estate owned other assets, chiefly in the form of cash, stocks and bonds, worth a little in excess of $10,000. Appellants are the collateral heirs of the decedent and all but one of them were on friendly terms with her. They filed this suit for construction of the will and urged that the testatrix by her will intended that the debts and special bequests should be paid out of the proceeds of the home and insurance policy only, and that what was left out of those funds was to be divided between the two schools. If they be correct in that contention, the balance of the estate will descend as under intestacy. Appellees, the two schools, urge that the trial court correctly decided the will manifested an intent on the part of the testatrix to dispose of all her property and that they should equally share in the residue of the entire estate.

The decision in this case turns upon the meaning of the words, "what is left devid even with Nazareth Academy Schoo and St. Joseph School." The intent of the testatrix, of course, controls over all other considerations. Welsh v. Rawls, Tex. Civ.App., 186 S.W.2d 103. The language employed in wills is usually so various and different, that each case is unique. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Kostroun v. Plsek, Com.App., 15 S.W.2d 220. We are mindful of some general rules. We must consider the will as a whole and give effect to every part where possible. It is presumed that the testatrix disposed of her entire disposable estate and that she desired to avoid partial intestacy. Kostroun v. Plsek, supra. Where a will is ambiguous or open to two constructions, that interpretation should be adopted which will prevent intestacy, since the fact that she made a will at all shows an intent not to die intestate. Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163; Kuehn v. Bremer, Tex.Civ.App., 132 S.W. 2d 295. The force of the positive presumption against intestacy, otherwise stated, is that the one who insists upon the partial intestacy must be in a position to show that the will clearly intended that the testator should die intestate. Unless we are pointed to something which clearly expresses or necessarily implies intestacy, the presumption of testacy will prevail. Boone v. Stone, Tex.Civ.App., 142 S.W.2d 936; Ellet v. McCord, Tex.Civ.App., 415 S.W.2d 110; 44 Tex.Jur., Wills, § 148. This presumption is said to be particularly strong when the subject of the gift is the residuary estate. Note, 17 A.L.R.2d 654–5. Based on this presumption, we start off with the rule that the testatrix died testate until the contrary is demonstrated.

Certain words in the will point to an intent not to die intestate. Three times the testatrix asserted on the face of her will that it was her last will and testament. It was the first thing she stated and also the last. Her words in the residuary clause itself are words of a general residuary clause. In arriving at this conclusion, we

take cognizance of the testatrix' evident lack of literary and legal training as manifested in the will itself. We shall view her words in a non-legal and non-technical sense, because she obviously lacked the skill to do otherwise. A lawyer, in phrasing the general residuary clause, would have said "all the rest and residue," and in doing so would have made our task easy by reason of the precise and exact meaning of the legalistic phrase. But a layman would quite naturally use the phrase "what remains" or "what is left," in precisely the same sense, and would reason with some force that "what is left" is also the "residue" or "the rest." Wyman v. Woodbury, 86 Hun 277, 33 N.Y.S. 217; 57 Am.Jur., Wills, § 1158. We conclude that "what is left" are suitable words for a general residuary clause.

To overcome the presumption which places a burden upon the claimants to show clearly or by necessary implication that the testatrix intended partial intestacy, appellants call upon the ejusdem generis rule. The ejusdem generis rule, it is claimed, would restrict the words "what is left" to mean what is left out of the special fund composed of the proceeds from the sale of the home and the insurance policy. But that rule, which is often helpful in construing instruments, is applied hesitantly to residuary clauses in wills, for the reason that it usually results in partial intestacy and runs counter to the very thing for which the rule of presumption exists. Note, 128 A.L.R. 826–833.

Lenz v. Sens, 27 Tex.Civ.App. 442, 66 S.W. 110, Bittner v. Bittner, Tex.Com.App., 45 S.W.2d 148, and an early English case, Attorney General v. Goulding, 2 Bro.C.C. 428, 29 English Reprint 239, 10 A.L.R. 1534, are relied upon by appellants. In those and like cases partial intestacy existed. Such cases present the problem of partial intestacy by reason of an additional fact, which is not present in this suit. In that category of cases a special devise or legacy was void, or failed by reason of the death of a taker, or for other reasons. We do not have a lapsed legacy or devise, and we reluctantly turn to that disturbed field of the law for

aid in a case concerned only with the problem of a pure construction of language. Not until a case of lapsed legacy or lapsed devise is presented to us, should we examine anew the "senseless common law distinction," Hamilton v. Flinn, 21 Tex. 713, between lapsed devises, Coleman v. Jackson, Tex.Civ.App., 126 S.W. 1178, and lapsed legacies, Lightfoot v. Poindexter, Tex.Civ. App., 199 S.W. 1152. Bittner v. Bittner, supra, may have clarified some of the problems, but in doing so apparently decided that in the case of a lapsed devise a presumption favors intestacy, unless a clear and explicit manifestation in the will to the contrary is shown. That presumption is the exact opposite of the presumption favoring complete testacy, used in other will construction cases. The body of law relied upon by appellants includes rules which, if settled at all, would confuse a pure construction problem with legal distinctions that have lingered for two hundred years after an English case said that a lapsed devise operates from the date of the execution of a will and a lapsed legacy operates from date of death. Doe v. Underdown, Willes 293, 125 Eng.Rep. 1179 (1741). This case is troublesome enough without looking for new problems.

Wolkewitz v. Wood, Tex.Civ.App., 216 S.W.2d 611, is not helpful either, since the will in that case embraced an express clause against a devise to the claimant. That was a clear expression against the operation of the presumption and was a correct application of the rule, but it is different from this case, where no such express provision is present. Pinkston v. Pinkston, Tex.Civ. App., 254 S.W.2d 196, may be laboriously distinguished from the present case, but it probably conflicts with our holding.

■■ Because the instrument involved was the last will of the testatrix, there is a presumption that she intended to die testate as to all her property. This placed the burden upon appellants to show that partial intestacy was intended, and that the lay meaning of the term "what is left," as used by an unlettered testatrix was to restrict the operation of the will to a special fund.

This burden was not met and we therefore conclude that the residuary clause disposed of the entire estate rather than the balance of the special fund. In re Hayes' Will, 263 N.Y. 219, 188 N.E. 716; In re Chamberlain's Estate, 46 Cal.App.2d 16, 115 P.2d 235; Holmes v. Mackenzie, 118 Md. 210, 84 A. 340, 342.

The judgment is affirmed.